CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

SOPHIA COOPER (CABN 320373)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6473
    FAX: (415) 436-7234
    Sophia.cooper@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:25-CR-00263-JST |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | |
| CHESTER N. DEAN, | Hearing Date: February 20, 2026<br>Hearing Time: 9:30 A.M.<br>Courtroom 6, 2nd Floor |
| Defendant. | Hon. Jon S. Tigar |

## I.    INTRODUCTION

Chester Dean appears before this court for sentencing having pleaded guilty to two counts—Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One); and Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two). *See* Presentence Report ("PSR") ¶ 2. Based on the nature and circumstances of the offense and the defendant's history, the government submits that a custodial sentence of 24 months' imprisonment, followed by 3 years of supervised release, is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II.    OFFENSE CONDUCT

The conduct at issue in this case took place in Virginia. On February 26, 2021, Richmond

Police Department Officers observed Mr. Dean departing his residence. There was an outstanding warrant for his arrest. Officers observed Mr. Dean exit his residence and drive some distance before parking and exiting his vehicle. Officers arrived on scene and arrested him without incident. *See* PSR ¶ 6. Mr. Dean had a loaded firearm on his person, as well as several bags of controlled substances. *Id.* Mr. Dean subsequently admitted to possessing the firearm and drugs on his person. He told officers he had purchased the firearm for $150 in December 2020. He also admitted that he intended to sell the drugs that were found on his person. *Id.*

The loaded firearm recovered from Mr. Dean's person was determined to be an Arcadia Machine & Tool (ATM) Backup .380 caliber semi-automatic pistol, bearing serial number A97396. The drugs recovered from Dean were sent for laboratory testing and returned with the following results: 27.49 grams of cocaine, 1.48 grams of powder containing fentanyl analog (para-fluorofentanyl), and two oxycodone tablets. *See* PSR ¶ 7-8.

### III.    PROCEDURAL HISTORY

The defendant was indicted in Richmond, Virginia on January 5, 2022. *See* PSR ¶ 1. He was arrested in the Northern District on June 3, 2025, pursuant to a warrant out of the Eastern District of Virginia. PSR ¶ 4. He made his initial appearance in this district on that same date. *Id.* He has remained in custody since that time. This matter was transferred to the Northern District of California on August 6, 2025, pursuant to Rule 20. PSR ¶ 1. Mr. Dean pleaded guilty on December 5, 2025. Sentencing is currently set for February 20, 2026. PSR ¶ 2.

### IV.    SENTENCING GUIDELINES CALCULATION

The plea agreement and Probation both agree the total offense level is 15 based on a grouping analysis. Plea Agreement ¶ 7; PSR ¶ 23. The base offense level for Count One is 14 (*see* U.S.S.G. § 2K2.1(a)(6)(A)). Four points are added for possession of a firearm in connection with another felony offense (*see* U.S.S.G. § 2K2.1(b)(6)(B)). Three points are subtracted for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The adjusted offense level is 15. The base offense level for Count Two is 16 (*see* U.S.S.G. § 2D1.1(a)(5) and (c)(12)). Two points are added for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1). Three points are subtracted for acceptance of responsibility. The adjusted offense level is 15. The counts are grouped; the total adjusted offense level is 15.

The government agrees the defendant's criminal history category is III. Pursuant to the plea agreement, and as detailed below, the government recommends a sentence of 24 months—at the low-end of the range contemplated by an Adjusted Offense Level of 15, which yields an advisory range of 24-30 months.

## V.       APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)     the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)     the need for the sentence to protect the public from future crimes of the defendant;

(5)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)     the need to provide restitution to any victims of the offense.

## VI.      RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 24 months' imprisonment, commensurate with an Adjusted Offense Level of 15 and a CHC III.

The nature and circumstances of this offense are serious. The defendant had a loaded firearm on his person at the time of arrest. He had three types of controlled substances on his person that he

GOV. SENTENCING MEMO                        3
4:25-CR-00263-JST

admitted were intended for sale (cocaine, fentanyl, and oxycodone).   The defendant has also had numerous encounters with law enforcement in the past, including convictions for possession of a sawed-off shotgun, drug possession and distribution, credit card theft, larceny, and driving without a license. He previously received a 32-month sentence in a prior federal case (involving the sawed-off shotgun). At the same time, Mr. Dean should be credited for his prompt acceptance of responsibility in this district.   He has had no encounters with law enforcement since moving to California in February 2022. It appears he has maintained employment up until the date of his arrest.   The government's recommendation of 24 months takes these factors into consideration.  This sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

Finally, the Plea Agreement includes, and Probation recommends, warrantless search condition. Plea Agreement ¶ 8; PSR Recommendation ¶ 5.  This search condition is warranted given the defendant's criminal history and the nature of the current offense that involved a firearm. The condition thus serves the goals of deterrence, public protection, and rehabilitation. *See United States v. Bare*, 806 F.3d 1011, 1013, 1017 (9th Cir. 2015).

DATED: February 13, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/_____
SOPHIA COOPER
Assistant United States Attorney